# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CORY CRAFT,

      Plaintiff,

v.                          CASE NO. 8:19-cv-324-T-30TGW

ANDREW M. SAUL,
Commissioner of Social Security,[1]

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits (Doc. 17).[2]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, I recommend that the decision be affirmed.

### I.

      The plaintiff, who was forty-three years old at the time of the administrative decision (Tr. 95) and who has some college education (Tr.

---

    [1]Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant.  See Fed. R. Civ. P. 25(d).

    [2]This matter comes before the undersigned pursuant to the Standing Order of this Court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

96–97), has past work as an order clerk, administrator, and waiter (Tr. 119–20). He filed a claim for Social Security disability benefits, alleging that he became disabled due to Post Traumatic Stress Disorder, bipolar disorder, current episode mania without psychoti[c features], and major depression (Tr. 219, 222). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of depression and anxiety (Tr. 26). The law judge concluded that with those impairments the plaintiff had the residual functional capacity to perform light work, with the following additional restrictions (Tr. 28):

> limited to object focused jobs; not able to climb ladders, ropes, or scaffolds; no exposure to hazardous machinery; no more than occasional contact with the public; and not able to execute complex instructions, although the claimant is able to follow more than one to two step instructions.

The law judge determined that with those limitations the plaintiff could not perform past relevant work (Tr. 32). However, based upon evidence from a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as photocopy machine operator, marker, and office helper (Tr.

2

33). Accordingly, the law judge decided that the plaintiff was not disabled (id.).

The plaintiff sought review of that decision from the Appeals Council, but the request was denied. Consequently, the law judge's "decision is the final decision of the Commissioner of Social Security" (Tr. 1).

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself

4

that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff raises two issues challenging the law judge's decision: (1) that the ALJ erred in evaluating consultative examiner Dr. Linda Appenfeldt's opinion, and (2) that the ALJ erred in evaluating treating source Linda Salerno's opinion[3] (Doc. 17, pp. 4, 6). These contentions are meritless. Moreover, in light of the Scheduling Order and Memorandum Requirements, all other potential arguments are forfeited (Doc. 13, p. 2).

A.     At the request of the Social Security Administration, Dr. Linda Appenfeldt, a forensic psychologist, performed a mental status evaluation of the plaintiff. The plaintiff contends that the law judge did not adequately evaluate Dr. Appenfeldt's findings and opinions.

Dr. Appenfeldt reported (Tr. 425–26):

> Auditory and visual hallucinations were not observed nor reported. There was no evidence of circumstantiality, tangentiality, disturbances of association or disorganized thinking. There was nothing to suggest he was not in contact with reality. There was no evidence of overt delusional

---

[3]The plaintiff refers to "Linda Salerno" throughout his memorandum. The record indicates her name is "Karen L. Salerno" (see Tr. 508). She is referred to as Karen Salerno in this Report and Recommendation.

5

material or formal thought disorder displayed during the course of the evaluation. There were no problems of thought productivity or structure noted during the interview.

...

His conversation was coherent, relevant, lucid, and goal directed. The amplitude of his speech was within normal limits. The quality of his voice was clear and there did not appear to be any expressive or receptive language problems. Mr. Craft was alert, cooperative, compliant and appeared to make a concerted effort to answer all questions posed. Eye contact was appropriate and his mannerisms and gestures facilitated communication. He appeared anxious and depressed as he discussed ongoing psychiatric symptoms. He gave a history of physical and sexual assault and described recurrent nightmares. Intrusive thoughts and hyper vigilance. He reported marked anxiety about social situations in which he is exposed to possible scrutiny by others. The social situations provoke anxiety. He reported significant anxiety, feeling worried and tense, with irregular breathing. Significant depressive symptoms include irritability, suicidal ideation, depressed mood poor concentration and feeling "numb." His affect was congruent in range and content expressed.

He served as an adequate historian and was able to remember significant events from his life in the past. Remote and recent memory were intact and he had immediate recall of three out of three objects. He was able to correctly spell the word W-O-R-L-D forward and backward. He accurately counted from 1 to 20 forward and in reverse with appropriate rate and effort. Cognitive screening revealed intact calculations and he was able to do

6

simple, oral mathematical problems. Mr. Craft was oriented to time, place, person and situation. His sensorium was clear and intact. His general fund of information appears to be appropriate to experience. Thought content reflected no evidence of obsessions, compulsions or guilt. His judgment appears adequate for personal safety.

Dr. Appenfeldt opined the following diagnostic impressions (Tr. 427):

Posttraumatic Stress Disorder
Major Depressive Disorder, Recurrent
Social Anxiety Disorder (Social Phobia)
Generalized Anxiety Disorder

Dr. Appenfeldt added (Tr. 428): "The most accurate diagnosis for this claimant would be obtained from multiple settings and sources, including complete history. Therefore, additional review of all records is advised."

The law judge expressly gave "significant weight" to Dr. Appenfeldt's observations and findings (Tr. 31). Moreover, he specifically considered Dr. Appenfeldt's report in evaluating each of the four broad areas of mental functioning. Thus, he referred to Dr. Appenfeldt's report in finding that the plaintiff had a moderate limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting or maintaining pace; and a mild limitation in adapting or managing oneself (Tr. 27–28).

7

Significantly, in those areas when the law judge determined the plaintiff had a moderate limitation, the law judge imposed a functional restriction to accommodate the limitation.   Thus, in the area of understanding, remembering, or applying information, the law judge found that the plaintiff "is not able to execute complex instructions"; in the area of interacting with others, the law judge determined that the plaintiff is "limited to no more than occasional interaction with the public; and he is limited to jobs that are object focused"; and in the area of concentrating, persisting or maintaining pace, the law judge determined that this moderate limitation was accommodated by restriction to an inability to execute complex instructions (id.).

The plaintiff did not challenge any of these findings and did not argue that the plaintiff should have greater restrictions.   In light of the Scheduling Order and Memorandum Requirements, any such contention is forfeited (Doc. 13, p. 2).

In addition, Dr. Appenfeldt's report is not reasonably read as indicating that the plaintiff is disabled.  Notably, her report was evaluated by a reviewing psychologist (Dr. George Grubbs) and a reviewing psychiatrist (Dr. Angeles Alvarez-Mullin) (Tr. 116–18, 130–33), and each mental health

expert concluded that the plaintiff did not have a severe mental impairment (Tr. 116–17, 130).   While the law judge concluded that the plaintiff had greater impairments than Dr. Grubbs and Dr. Alvarez-Mullin opined, that conclusion was not based on any thought that Dr. Appenfeldt viewed the plaintiff as disabled.     Accordingly, the plaintiff's reliance on Dr. Appenfeldt's report is misplaced.

The plaintiff argues that the law judge failed to evaluate the following seven statements by Dr. Appenfeldt (Doc. 17, pp. 4–5) (internal citations omitted):

> (1) his affect was congruent in range and content expressed when he gave a history of physical and sexual abuse with recurrent nightmares, intrusive thoughts and hypervigilance;
>
> (2) Dr. Appenfeldt's diagnosis of Posttraumatic Stress Disorder;
>
> (3) his affect was congruent in range and content expressed when he reported marked anxiety about social situations in which he was exposed to possible scrutiny by others;
>
> (4) Dr. Appenfeldt's diagnosis of Social Anxiety Disorder (Social Phobia);
>
> (5) his affect was congruent in range and content expressed when he reported significant anxiety, feeling worried and tense, with irregular breathing;

9

(6) his affect was congruent in range and content expressed regarding his significant depressive symptoms including irritability, suicidal ideation, depressed mood, poor concentration, and feeling numb; and

(7) his prognosis was only fair to guarded.

It is well established that a law judge is not required to "'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow [the court] to conclude that [he] considered the claimant's medical condition as a whole." Ogranaja v. Commissioner of Social Security, 186 Fed. Appx. 848, 851 (11th Cir. 2006), quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). This principle applies to the law judge's discussion of opinion evidence. See Newberry v. Commissioner, Social Security Administration, 572 Fed. Appx. 671, 672 (11th Cir. 2014); Adams v. Commissioner, Social Security Administration, 586 Fed. Appx. 531, 534 (11th Cir. 2014). In this case, the law judge's discussion of the evidence is sufficient to allow the court to conclude that he considered the plaintiff's conditions as a whole. Indeed the law judge, as indicated, found that the plaintiff had greater mental limitations than opined by the two reviewing mental health specialists.

Regarding Dr. Appenfeldt's findings of PTSD and Social Anxiety Disorder (social phobia), those were not formal diagnoses. Dr. Appenfeldt's examination notes from December 6, 2016, list those findings as "Diagnostic Impression(s)" (see Tr. 427). Moreover, Dr. Appenfeldt said that "[t]he most accurate diagnosis for this claimant would be obtained from multiple settings and sources, including complete history," so that "additional review of all records is advised" (Tr. 428).

Furthermore, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on h[is] ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005), quoting McGruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); McCruter v. Bowen, supra. Significantly, Dr. Appenfeldt did not opine that the plaintiff had any functional limitations. Thus, even if the law judge did commit error by not discussing Dr. Appenfeldt's impression of PTSD and Social Anxiety Disorder, it was harmless.

11

Further, there is nothing about the other alleged deficiencies in the law judge's discussion of Dr. Appenfeldt's report that warrants reversal. As indicated, the law judge gave significant weight to Dr. Appenfeldt's report. And he concluded that the plaintiff had greater functional restrictions than the two reviewing mental health experts opined. Consequently, the law judge's consideration of Dr. Appenfeldt's report was adequate and reasonable.

B.    The plaintiff's second issue is also meritless.    The plaintiff argues that the law judge erred in assigning little weight to the observations, findings, and opinions of treating source Linda Salerno, M.A. While it is fair to describe Salerno as a "treating source," since she counseled the plaintiff a substantial number of times, she does not have the same credentials as a psychologist with a doctorate.  Thus, she simply has a master's degree.  Moreover, her psychology website profile states she is a "Limited Licensed Psychologist" and that "[a] Limited Licensed Psychologist may practice under the supervision of a Licensed Psychologist" (see  https://www.psychologytoday.com/us/therapists/karen-salerno-grand-rapids-mi/123469).

Further, Salerno lists her office as Grand Rapids, Michigan —
a location to which the plaintiff did not travel on a weekly basis — and
indicates that she engages in "online counseling" (id.). There is no indication
that a licensed psychologist participated in the plaintiff's counseling. These
circumstances support the law judge's discounting of Salerno's opinions and
findings.

More significantly, the law judge articulated "three main
reasons" for giving Salerno's opinion little weight (Tr. 31). The law judge's
reasons were: (1) Salerno's opinions were not supported by her treatment
notes, (2) the plaintiff's work and activities were inconsistent with the
limitations Salerno assigned in interacting with others, and (3) Salerno's
opinion was inconsistent with the law judge's observations of the plaintiff at
the hearing (id.). These are valid reasons for discounting Salerno's opinion.

With respect to the treatment notes, the law judge pointed out
that "[o]ther than sometimes describing his mood and affect as flat and
depressed, the treatment notes repeatedly describe the claimant's speech,
behavior, and appearance as within normal limits" (Tr. 31). The law judge
concluded that "[t]hese descriptions completely contradict Ms. Salerno's
statements of the claimant's marked and extreme limitations tied to mental

13

disorders" (id.).   The law judge's assessment of the treatment notes is accurate and his conclusion from the notes is reasonable.

The second reason given by the law judge for discounting Salerno's opinion was the plaintiff's work history and daily activities. In this respect, the law judge said, as an example, "the claimant's testimony and work history report indicated that for many years he worked waiting tables, which contradicts Dr. [sic] Salerno's opinion about the claimant's limitation in interacting with others" (id.).   This limitation relates to the plaintiff's claim of PTSD and Social Anxiety Disorder.   According to Salerno, these conditions trace back to "the age of 10" (Tr. 412).   However, he worked as a waiter from April 2004 to March 2011 (Tr. 225), some of which was at a Marriott Hotel (Tr. 220).   The law judge could reasonably conclude that that experience contradicts Salerno's opinion that the plaintiff has great limitations in interacting with others.

Also, the plaintiff reported daily activities of grocery shopping and shopping for clothes and other items (Tr. 236).   The plaintiff has had a girlfriend for several years.   Significantly, he went on a trip with his girlfriend and her parents (Tr. 435).   These circumstances of daily activities undercut his claim of extreme social anxiety and PTSD.

Notably, at the suggestion of a primary care physician, the plaintiff went to a psychiatrist, Dr. Rafael Beltran Durango ("Dr. Beltran") (Tr. 393). Dr. Beltran diagnosed the plaintiff with anxiety, hypomania/impulsivity, and depression, and not PTSD nor Social Anxiety Disorder (Tr. 392). After two months, the plaintiff terminated Dr. Beltran's services and did not seek another fully licensed psychiatrist or psychologist (Tr. 390). This failure to obtain more aggressive treatment also undermines the claim of disabling PTSD and Social Anxiety Disorder. See Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996); 20 C.F.R. 404.1529(c)(3).

The third main reason the law judge gave for discounting Salerno's opinion was his observation of the plaintiff at the hearing (Tr. 31). The law judge stated that Salerno's opinion was contradicted by the fact that the plaintiff "was polite, cooperative, and fully focused and attentive throughout the hearing" (Tr. 32). On this point, the law judge also said that "[d]uring the hearing, the undersigned observed that the claimant provided relevant and coherent answers to questions" and that "[h]e displayed an adequate memory as he testified about his work, medical, and personal history" (Tr. 27). The law judge also commented that "[n]ot once did the undersigned observe the claimant exhibiting any significantly abnormal or

15

distracting behavior" (id.). The law judge added that "[d]espite the undoubted stressfulness of the hearing, the undersigned did not find the claimant to be unusually anxious or irritable" (id.). The law judge also stated that "[n]ot once did the undersigned observe a lapse in the claimant's concentration" (Tr. 28). The law judge also noted that the plaintiff's "grooming and hygiene appeared adequate and appropriate" (id.). These observations are remarkably detailed. As the plaintiff acknowledges (Doc. 17, pp. 6–7), the law judge "is not prohibited 'from considering the claimant's appearance and demeanor during the hearing,'" provided it is not the sole basis for discrediting the plaintiff's testimony. Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987). Therefore, the law judge could appropriately consider his observations of the plaintiff at the hearing as one reason for deciding to give Salerno's opinion little weight.

Consequently, each of the law judge's stated reasons for discounting Salerno's opinion was valid and supported by substantial evidence. As indicated, under Adefemi v. Ashcroft, supra, in light of the deference owed to the law judge as fact finder, in order to overcome his finding that Salerno's opinion is entitled to little weight, the plaintiff has to point to evidence which compels a contrary conclusion. He certainly has not

16

made such a showing.

Because the plaintiff's two challenges to the law judge's decision fail, I therefore recommend that the Commissioner's decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY *18*, 2020

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

17